UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

VIROJ CHOMPUPONG and MALINEE
CHOMPUPONG,

                                **Plaintiffs,**

  vs.                                                  1:17-CV-929
                                                             (MAD/CFH)

CITY OF SCHENECTADY, JACKSON
DEMOLITION SERVICE, INC.,
SCHENECTADY METROPLEX DEVELOPMENT
AUTHORITY,

                                **Defendants.**

_____

**APPEARANCES:**                               **OF COUNSEL:**

**ARCHER & GREINER P.C.**               **ANTHONY D. DOUGHERTY, ESQ.**
1211 Avenue of the Americas
Suite 2750
New York, New York 10036
Attorneys for Plaintiffs

**TARTER KRINSKY & DROGIN LLP**     **LINDA S. ROTH, ESQ.**
1350 Broadway
New York, New York 10018
Attorneys for Plaintiffs

**MURPHY BURNS LLP**                   **JAMES J. BURNS, ESQ.**
407 Albany Shaker Road
Loudonville, New York 12211
Attorneys for Defendant City of Schenectady

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiffs commenced this action on August 22, 2017, asserting numerous claims against the City of Schenectady (the "City"), Jackson Demolition Service, Inc., the Schenectady Metroplex Development Authority, and unnamed John Does and XYZ Corps. *See* Dkt. No. 1.

Following multiple motions to dismiss, only Plaintiff's Fourth Amendment, Fifth Amendment, and state law claims against the City survived. *See* Dkt. No. 58. The City them moved for summary judgment on Plaintiffs' remaining claims. *See* Dkt. No. 79. On December 18, 2020, the Court granted Defendant's motion for summary judgment in part. *See* Dkt. No. 87. The Court found that questions of material fact remained as to Plaintiffs' Fourth Amendment, Fifth Amendment, and state law claims, but that Plaintiffs had failed to establish *Monell* liability. *See id*. Presently before the Court is Defendant's motion for reconsideration. The Court presumes the parties' familiarity with the facts and refers the parties to its December 18, 2020 Memorandum-Decision and Order for a more detailed recitation of the facts. *See* Dkt. No. 87. For the following reasons, Defendant's motion is granted.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id*. Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Defendant does not suggest that there has been an intervening change in the controlling law, nor have they presented new evidence which was not previously available. Rather, Defendant seeks reconsideration of the Court's Order arguing that it is necessary to remedy a clear

2

error of law.  *See* Dkt. No. 89-2 at 4.  Defendant argues that Plaintiffs must establish *Monell* liability because the only claims remaining are against the City.  *See id.*  Defendant contends that the Court must dismiss Plaintiffs' Fourth and Fifth Amendment claims because it found that Plaintiffs failed to plead and prove a *Monell* claim against the City.  *See* Dkt. No. 89-2.  Finally, Defendant argues that Plaintiffs' state law claims must be dismissed as well.  *See id.*  Plaintiffs, in opposition to the motion to reconsider, argue that the City can be liable for its own illegal acts.  *See* Dkt. No. 90 at 6.  Plaintiffs argue that because the acts were done by government officials with sufficient authority to direct the demolition, the conduct was done "under the color of law" and that Section 1983 claims may be brought directly against the municipality.  *See id.* (citing *Burtnieks v. City of N.Y.*, 716 F.2d 982, 986 (2d Cir. 1983); *City of St. Louis v. Paprotnik*, 485 U.S. 112, 123 (1988)).

      Citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011), Plaintiffs argue that a Section 1983 claim can be brought directly against a municipality to hold the municipality responsible for "their own illegal acts."  *See* Dkt. No. 90 at 5-6.  While it is true that *Connick* held that "under [Section] 1983, local governments are responsible only for 'their *own* illegal acts,'" that is not the end of the analysis.  *See Connick*, 563 U.S. at 60 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).  Immediately following the language that Plaintiffs quote is the following requirement:

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury.  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.  These are "action[s] for which the municipality is actually responsible."

*Id.* at 60-61 (internal quotations omitted).  While a Section 1983 action may be brought against a municipality based on a single decision, the decision must be made by officials "'whose acts or

3

edicts may fairly be said to represent official policy.'" *Pembaur*, 475 U.S. at 480 (quoting *Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 694 (1978)).

Plaintiffs' response disregards the fact that the Court previously found Plaintiff failed to establish that the decision to demolish the Nicholaus Building was made by a policymaking official and that there was no evidence that the decision was part of government policy. *See* Dkt. No. 87 at 15-16. Without such a showing, Plaintiffs cannot bring a Section 1983 action directly against the City.

The cases upon which Plaintiffs rely do not help their argument. In *Burtneiks*, the Second Circuit found that the conduct complained of was committed under the color of state law because the acts were done by city employees who exercised "final authority over significant matters involving the exercise of discretion." *Burtnieks*, 716 F.2d at 986 (quoting *Rookard v. Health and Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983)). In *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988), the Supreme Court clarified its decision in *Pembaur*. Pursuant to *Pembaur*, in determining whether a decision made on a single occasion is sufficient to establish an unconstitutional municipal policy, the Supreme Court noted the following:

> First, a majority of the Court agreed that municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policymaking authority" may by their actions subject the government to § 1983 liability. Third, whether a particular official has "final policymaking authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business.

*Praprotnik*, 485 U.S. at 123. Ultimately, the Supreme Court held that "municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made

4

from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483.

As previously mentioned, the Court considered whether the decision to demolish the Nicholaus Building was made by a policymaking official and whether the decision was made as part of a government policy. *See* Dkt. No. 87 at 15-16. On the motion for summary judgment, Plaintiffs did not present any evidence to meet the requirements under *Pembaur*. In their response to the present motion, Plaintiffs do not present additional evidence or argument which would lead the Court to alter its conclusion. Therefore, for the reasons discussed in the Court's previous order, *Monell* liability does not attach and Plaintiffs have not established that their Section 1983 claims may be brought directly against the City. Accordingly, Plaintiffs' Fourth and Fifth Amendment claims against the City must be dismissed.

In its December 12, 2020 Memorandum-Decision and Order, the Court denied Defendant's motion for summary judgment as to Plaintiffs' state law claims, finding that questions of fact remain. *See* Dkt. No. 87 at 16-17. However, in light of the Court's decision on the present motion, the only remaining claims are Plaintiffs' state law claims. Thus, the Court will consider whether it should continue to exercise supplemental jurisdiction over the remaining state law claims.

Federal courts may exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28. U.S.C. § 1367. "Disputes form part of the 'same case or controversy' ... 'when they "derive from a common nucleus of operative fact."'" *Romero v. Bestcare, Inc.*, No. 15-CV-7397, 2018 WL 1702001, *8 (E.D.N.Y. Feb. 28, 2018) (citations omitted). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.*

5

"A district court's decision whether to exercise ... jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Finally, a court should weigh "the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction over state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, all of the claims over which the Court has original jurisdiction have been dismissed and this matter now involves only state law. Thus, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses them without prejudice.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for reconsideration (Dkt. No. 89) is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' Fourth Amendment, Fifth Amendment, and state law claims against the City of Schenectady are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 4, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge